UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| ANDREW L. HILL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:07-cv-147 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| KIMBERLY BOLHOUSE et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed on grounds of immunity and failure to state a claim.

**Discussion**

I.      Factual allegations

Plaintiff is currently incarcerated in the Kent County Correctional Facility.  Plaintiff's complaint, in part, concerns the conditions of his incarceration and, in part, his criminal prosecution. Plaintiff asserts that Defendant  Manyan, a deputy at the Kent County Jail, prevented his access to the law library to allow Plaintiff to prepare for his preliminary hearing scheduled for December 14, 2006.  Compl. at 2-3, docket #1.  Plaintiff asserts that Defendant Sullivan, Chief Judge of the 17th Judicial Circuit of Michigan, abused his power by  finding that Plaintiff was not indigent.[1]  *Id.* at 3. Plaintiff asserts that Defendant Pablo Cortes, Judge of the 62A Judicial District of Michigan, violated his civil rights by not dismissing charges against Plaintiff at different preliminary hearing on November 29, 2006, despite the "compelling basis" given by Plaintiff.  Plaintiff also alleges that Judge Cortes "indirectly suggested" two additional charges to Assistant County Prosecutor Kimberly Bolhouse which Defendant Bolhouse filed during the two weeks Plaintiff was given to research his case*.  Id.* at 4.  Plaintiff lastly asserts that Defendant Bolhouse violated his civil rights by bringing new charges against him for "false pretense" and "larceny by conversion."  *Id.*  Plaintiff claims that his civil rights have been violated because he is "being held illegally on unwarrented [sic] / unfounded charges by wrongful prosecution."  *Id.*  For relief, Plaintiff seeks (1) compensation in the amount of $250,000.00; (2) release from incarceration and no reinstated charges; and (3) that these charges are removed from his criminal record.  *Id.* at 5.

---

[1]Plaintiff states only that Judge Sullivan found that Plaintiff was not indigent, but does not indicate when, where or how Defendant Sullivan made that statement and/or finding.

II.     Immunity

        A.      **Kent County Prosecutor**

        The Supreme Court embraces a functional approach to determining whether a prosecutor is entitled to absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Forrester v. White*, 484 U.S. 219, 228-29 (1988); *accord Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998). Under a functional analysis, a prosecutor is absolutely immune when performing the traditional functions of an advocate. *Kalina*, 522 U.S. at 130; *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989). The Supreme Court has held that a prosecutor is absolutely immune for the initiation and pursuit of a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Lomaz*, 151 F.3d at 497. Acts which occur in the course of the prosecutor's role as advocate are entitled to protection of absolute immunity in contrast to investigatory or administrative functions that are normally performed by a detective or police officer. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 276-78 (1993); *Grant*, 870 F.2d at 1137. In the Sixth Circuit, the focus of the inquiry is how closely related is the prosecutor's conduct to his role of an advocate intimately associated with the judicial phase of the criminal process. *Spurlock*, 330 F.3d at 797; *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997).

        The conduct alleged by Plaintiff is unquestionably related to the initiation of the state's case. Plaintiff alleges that his civil rights have been violated because he is "being held illegally on unwarrented [sic] / unfounded charges by wrongful prosecution." Compl. at 4. Defendant Bolhouse, however, is immune because "[a]bsolute prosecutorial immunity is not defeated by a showing that a prosecutor acted wrongfully or even maliciously . . . . The decision to prosecute . . . 'even if malicious and founded in bad faith, is unquestionably advocatory and at the

- 3 -

heart of the holding in *Imbler*.'"  *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (internal

citations omitted)  (county prosecutors were absolutely immune from civil rights suit alleging they

conspired with former criminal defendant's wife and knowingly brought false charges of child abuse

against the former defendant); *see also Spurlock,* 330 F.3d at 797-98 (6th Cir. 2003) (prosecutor's

decision to have witnesses testify falsely at criminal trial was protected by absolute immunity).

Accordingly, Assistant Kent County Prosecutor Bolhouse is absolutely immune from Plaintiff's suit

for monetary damages.

> **B.      The Honorable Paul J. Sullivan and the Honorable Pablo Cortes**

Plaintiff sues 17th Circuit Court Chief Judge Paul J. Sullivan for saying that Plaintiff

was not indigent.  Compl. at 3.  Plaintiff sues 62A District Court Judge Pablo Cortes for not

dismissing certain charges against Plaintiff.  *Id.* at 3-4.

Generally, judges are immune from a suit for monetary damages.  *Mireles v. Waco*,

502 U.S. 9, 9-10 (1991) ("it is a general principle of the highest importance to the proper

administration of justice that a judicial officer, in exercising the authority vested in him, shall be free

to act upon his own convictions, without apprehension of personal consequences to himself");

*Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115

(6th Cir. 1997).  Absolute judicial immunity may be overcome in only two instances.  First, a judge

is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial

capacity.  *Mireles*, 502 U.S. at 11.  Second, a judge is not immune for actions, though judicial in

nature, taken in complete absence of all jurisdiction.  *Id.* at 12.  Plaintiff's complaint fails to

implicate either of the exceptions to judicial immunity.  To the extent Judge Sullivan found that

Plaintiff was indigent and Judge Cortes did not dismiss the charges brought against Plaintiff, there

is no doubt that they were both acting within their respective jurisdictions. Accordingly, Judge Sullivan and Judge Cortes are absolutely immune from Plaintiff's claim for monetary damages.

III.    Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A.    **Access to the Courts**

Plaintiff asserts that Defendant Kent County Deputy Dave Manyan denied him access to legal materials in the law library and, therefore, Plaintiff was unable to prepare for the preliminary hearing regarding his underlying conviction. Compl. at 2-3. It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977).

According to Plaintiff's complaint, the State offered to appoint counsel and Plaintiff refused the representation. Compl. at 3. The State of Michigan fulfilled its duty to provide access to the courts by offering to appoint counsel, even if Plaintiff refused such appointment. *See Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir.1983) (state has fulfilled constitutional obligation to provide full access to courts by appointing counsel); *see also Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 104 (6th Cir.

1991); *Cooper v. Shelby County Justice Ctr*, No. 99-6365, 2000 WL 924604, at *2 (6th Cir. June 26, 2000); *see also Martin v. Davies*, 917 F.2d 336, 340 (7th Cir.1990) ("Simply because a defendant has refused counsel does not entitle him to limitless access to law libraries."), *cert. denied*, 501 U.S. 1208 (1991).  Accordingly, Plaintiff's claims against Defendant Manyan should be dismissed.

**B.      Challenge to Confinement**

Plaintiff seeks to be released from the jail and to have his record cleared of the charges for which he was convicted.  Compl. at 4.  Such claims constitute a challenge to the fact or duration of Plaintiff's incarceration.  A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983.  *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody).  Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed.  *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483, at *1 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *Moore v. Pemberton*, 110 F.3d 22, 23 (7th Cir. 1997).  Accordingly, Plaintiff's requests to be release from jail and to have certain criminal charges removed from his criminal record should be dismissed.

- 6 -

### C.        Injunctive, Declaratory and Monetary Relief

To the extent Plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of Constitutional rights, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Id.* at 486-87.  The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief.  *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (declaratory relief); *Clarke v. Stadler*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive).  Plaintiff's allegations clearly call into question the validity of his conviction.  Therefore, his action is barred under *Heck* until his criminal conviction has been invalidated.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for immunity and failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

- 7 -

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


Dated:  April 30, 2007                    /s/  Joseph G. Scoville
                                          United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985)

- 8 -